UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 14-13850-RWZ


SIMPLISAFE, INC.

v.

ARCSOFT, INC.


MEMORANDUM OF DECISION AND ORDER

October 20, 2016


ZOBEL, S.D.J.


Plaintiff SimpliSafe, Inc. ("SimpliSafe"), alleges that ArcSoft, Inc. ("ArcSoft"), by using the mark "SIMPLICAM," has committed trademark infringement, has unfairly competed with SimpliSafe, and has falsely designated the origin of ArcSoft's goods. SimpliSafe further alleges that when ArcSoft filed its Statement of Use ("SOU") with its trademark application, ArcSoft knowingly made false, material misrepresentations with the intent to deceive the United States Patent and Trademark Office ("PTO"). ArcSoft has moved for summary judgment on all claims. Docket ## 73 and 78. It also seeks to exclude the testimony of plaintiff's consumer survey expert.

## I.    Factual Background

I summarize the relevant facts in the light most favorable to plaintiff, the non-moving party. See Planadeball v. Wyndham Vacation Resorts, Inc., 793 F.3d 169, 172 (1st Cir. 2015).

SimpliSafe, a company headquartered in Massachusetts, was founded in 2006,

and since 2008, has sold do-it-yourself home security products under the name and trademark SIMPLISAFE.  These products include various sensors and detectors as well as sirens and panic buttons. SimpliSafe also offers an alarm monitoring service that calls a homeowner before dispatching police.  Although it has not sold any cameras, it began developing a security camera by at least 2010 and, since then, has offered the public information about this development.  After several delays, the camera is expected to be introduced to the general public in 2016.

ArcSoft, headquartered in California, sells software used to edit and enhance digital images.  It also developed facial recognition technology, which it licenses to mobile device manufacturers.  In 2014, ArcSoft released a combined video camera and software platform named "SIMPLICAM powered by Closeli."  It presented a prototype of the camera at the Consumer Electronics Show ("CES") in Las Vegas, Nevada, on January 7, 2014.  With the camera, it also offers "Closeli Recording Services," which include video editing capabilities, the ability to store and share video clips, and face detection and recognition options.  ArcSoft maintains that it markets SIMPLICAM powered by Closeli as a "lifestyle product," and that the product is a "smart home camera," while SimpliSafe asserts that ArcSoft has also extensively marketed the camera as a home security product.

SimpliSafe, in its Amended Complaint, asserts claims for federal trademark infringement and unfair competition under 15 U.S.C. § 1125(a), (Count I), common law trademark infringement (Count II), cancellation of United States trademark – priority under 15 U.S.C. § 1119 (Count III), and cancellation of United States trademark – fraud under 15 U.S.C. §§ 1064(3) and 1119 (Count 4).  ArcSoft has filed

two motions for summary judgment: one as to Counts I-III (Docket # 73), and one as

to Count IV (Docket # 78).

## II.      Legal Standard

Summary judgment is appropriate when the moving party "shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a).  "An issue is 'genuine' for purposes of summary

judgment if 'the evidence is such that a reasonable jury could return a verdict for the

nonmoving party,' and a 'material fact' is one which 'might affect the outcome of the

suit under the governing law.'"  Poulis-Minott v. Smith, 388 F.3d 354, 363 (1st Cir.

2004) (quoting Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1st Cir. 1993)).  In

determining whether a genuine issue of material fact exists, "a court must view the

evidence 'in the light most favorable to the opposing party.'"  Tolan v. Cotton, 134 S.

Ct. 1861, 1866 (2014) (per curiam) (quoting Adickes v. S.H. Kress & Co., 398 U.S.

144, 157 (1970)).

## III.     Analysis

### A.      Counts I and II – Trademark Infringement

In Counts I & II, SimpliSafe alleges, inter alia, that ArcSoft's use of the

SIMPLICAM mark falsely suggests an affiliation or relationship with SimpliSafe and

constitutes trademark infringement, false designation of origin, and unfair competition.

"To succeed on a claim of trademark infringement, a plaintiff must establish (1)

that its mark is entitled to trademark protection, and (2) that the allegedly infringing

use is likely to cause consumer confusion."  Bos. Duck Tours, LP v. Super Duck

Tours, LLC, 531 F.3d 1, 12 (1st Cir. 2008).  "Prevention of confusion is . . . the

touchstone of trademark protection.  Where there is no likelihood of confusion by the alleged infringer 'there is no impairment of the interest that the trademark statute protects.'"  Dorpan, S.L. v. Hotel Meliá, Inc., 728 F.3d 55, 61 (1st Cir. 2013) (quoting Libman Co. v. Vining Indus., Inc., 69 F.3d 1360, 1361 (7th Cir. 1995)).

To determine whether a mark will likely cause consumer confusion, courts in this circuit look to eight non-exclusive factors, known as the "Pignons factors."  See Oriental Fin. Grp., Inc. v. Cooperativa de Ahorro y Crédito Oriental, 832 F.3d 15, 25 (1st Cir. 2016); Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 487 (1st Cir. 1981).  These factors are:

> (1) the similarity of the marks; (2) the similarity of the goods; (3) the relationship between the parties' channels of trade; (4) the relationship between the parties' advertising; (5) the classes of prospective purchasers; (6) evidence of actual confusion; (7) the defendant's intent in adopting its mark; and (8) the strength of the plaintiff's mark.

Oriental Fin. Grp., Inc., 832 F.3d at 25 (quoting Oriental Fin. Grp., Inc. v. Cooperativa de Ahorro y Crédito Oriental, 698 F.3d 9, 17 (1st Cir. 2012)).  These factors "are not a 'mechanical formula,'" id. at 32 (quoting Attrezzi, LLC v. Maytag Corp., 436 F.3d 32, 39 (1st Cir. 2006)), and no individual factor is dispositive, see id. at 25-26.

"Because the likelihood of confusion analysis is a particularly fact-intensive one, resolving this issue on summary judgment is disfavored."  Dorpan, 728 F.3d at 66.  Indeed, summary judgment for the defendant is appropriate only where there is no "evidence on which the jury could reasonably find" confusion is likely.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Dorpan, 728 F.3d at 64.  Here, questions of material fact pervade almost every step of the analysis.

First, the parties dispute not only whether the marks are similar but also which

marks should be considered in the analysis.  ArcSoft points to the "SIMPLICAM powered by Closeli" mark from SIMPLICAM's website, while SimpliSafe claims that the SIMPLICAM mark consumers frequently encounter is on Amazon.com and appears in plain text and without the phrase "powered by Closeli."  "[C]ontext governs the similarity analysis," Oriental Fin. Grp., Inc., 832 F.3d at 34, yet the parties disagree over the appropriate context in which the marks should be considered.  Further, even if the images ArcSoft provides in its motion for summary judgment were the relevant marks, "similarity is determined on the basis of the designation's total effect," Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Winship Green Nursing Ctr., 103 F.3d 196, 203 (1st Cir. 1996), a question that in this case is best left to the factfinder.  Cf. Beacon Mut. Ins. Co. v. OneBeacon Ins. Grp., 376 F.3d 8, 18 (1st Cir. 2004) ("Here, the marks use different fonts and colors, but a factfinder could reasonably find the total effect to be similar.").

Second, the parties vigorously dispute what differences, if any, lie between their goods and services.  ArcSoft maintains that its product "is a smart home camera for capturing, storing, sharing and editing video of family moments while at work or away from home" and "is not for catching a burglar."  Docket # 74, at 11.  SimpliSafe points to multiple exhibits and claims that "ArcSoft has marketed its product extensively as a home security product."  Docket # 99 ¶ 38.  It also argues that SIMPLICAM powered by Closeli can "alert users to intruders so that the users can then call the police, much like users of SIMPLISAFE without monitoring services can hear an alarm and call the police."  Docket # 98, at 10 n.5.  Clearly resolution of this disagreement is inappropriate at the summary judgment phase.

The third, fourth, and fifth factors — "[c]hannels of trade, advertising modes, and prospective customers" — are "often considered together." <u>Attrezzi</u>, 436 F.3d at 39.  SimpliSafe sells its products and services primarily through its own website, followed by Amazon.com.  It also sells its products through other websites and actual stores.  ArcSoft sells the SIMPLICAM product through its website and Amazon.com. SimpliSafe's advertising channels include television, radio, print media, celebrity endorsements, billboards, email, "snail" mail, and the internet.  ArcSoft does not use television advertisements, advertisements in newspapers or magazines, or celebrity spokespersons, nor does it "purchase keywords through Google AdWords to generate online advertising through search engine results."  Docket # 75 ¶ 43.  It maintains that its only radio advertisement is through non-syndicated radio.  The parties disagree about the identity of their prospective customers, the nature of their target markets, and how significant a purchase of a SimpliSafe product is.  Given these disagreements, I cannot conclude on summary judgment that the third, fourth, and fifth factors weigh in ArcSoft's favor.

The sixth factor, evidence of actual confusion, is unnecessary to resolve at this posture.  SimpliSafe cites at least twelve instances of customer confusion, several of which came from its online customer forums.  These include inquiries as to whether SIMPLISAFE and SIMPLICAM are compatible and whether SIMPLICAM is made by SIMPLISAFE.  SimpliSafe also says that at least four additional emails that ArcSoft disclosed after the close of discovery inquire whether SIMPLICAM and SIMPLISAFE work together, whether SIMPLICAM and SIMPLISAFE are the same company, whether SIMPLICAM would improve the customer's SIMPLISAFE setup, and whether

a customer, who provided ArcSoft with a SIMPLISAFE login, could receive a discount

on the SIMPLICAM.[1]   ArcSoft argues that SimpliSafe's examples do not demonstrate

actual confusion because they do not show that someone purchased ArcSoft's

product believing it was made by SimpliSafe.  It also contends that given the number

of people who visit SimpliSafe's website, the number of alleged instances of actual

confusion is de minimis.[2]

     "[A]ctual confusion is commercially relevant if the alleged infringer's use of the

mark 'could inflict commercial injury in the form of . . . a diversion of sales, damage to

goodwill, or loss of control over reputation' on the trademark holder."  Beacon Mut.

Ins. Co., 376 F.3d at 15 (second alteration in original) (quoting The Sports Authority,

Inc. v. Prime Hospitality Corp., 89 F.3d 955, 963 (2d Cir. 1996)).  "[E]vidence of actual

confusion . . . does not need to be overwhelming to give rise to a reasonable

inference of confusion.  Indeed, 'even a few incidents' of actual confusion are 'highly

probative of the likelihood of confusion.'"  Dorpan, 728 F.3d at 67 (quoting Kos

Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 720 (3d Cir. 2004)).  While SimpliSafe's

---

[1]  Although SimpliSafe references four emails, I found only one of the referenced emails based on the citations given in the counterstatement of facts.  Regardless, as explained below, I need not resolve the question of evidence of actual confusion at this stage in the proceedings.
    SimpliSafe also refers to a survey and testimony by Robert Klein, which ArcSoft seeks to exclude.  Because this testimony does not affect my ruling on summary judgment, I do not consider it in this analysis and reserve ruling on ArcSoft's motion.

[2]  ArcSoft also maintains that SimpliSafe's evidence constitutes inadmissible hearsay.  The consumers' statements are not offered for the truth of the matter asserted but rather to demonstrate that customers believed SIMPLISAFE and SIMPLICAM may have been related, and so do not constitute hearsay.  See Bos. Athletic Ass'n v. Sullivan, 867 F.2d 22, 31 (1st Cir. 1989); Fed. R. Evid. 801(c).

evidence of actual confusion is not overwhelming, the trier of fact may well find it

sufficient to conclude confusion is likely.  However, given the inconclusiveness of

several of the other factors, I need not rely on confusion to resolve the motion before

me.  See Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 120 (1st Cir.

2006) ("While evidence of actual confusion is 'often deemed the best evidence of

possible future confusion,' . . . proof of actual confusion is not essential to finding

likelihood of confusion." (quoting Attrezzi,  436 F.3d at 40)).

    ArcSoft's intent, the seventh factor, though likely weighing in ArcSoft's favor is

not dispositive.  ArcSoft claims that no one had any knowledge of SIMPLISAFE when

it filed its application to register the SIMPLICAM mark with the PTO on August 21,

2013.  SimpliSafe argues that at the very least, ArcSoft's director of marketing learned

about SIMPLISAFE from a colleague on or about August 27, 2013.  At that point,

SimpliSafe contends, ArcSoft had not finalized the SIMPLICAM product or packaging

and had filed intent-to-use applications for two other marks.  SimpliSafe also

challenges ArcSoft's witnesses' credibility, and in its counterstatement of facts,

SimpliSafe suggests that a search of "simpli" would have resulted in finding the

SIMPLISAFE mark.

    Because more than awareness is likely required to find bad faith, the facts

weigh in ArcSoft's favor.  See Visible Sys. Corp. v. Unisys Corp., 551 F.3d 65, 75 (1st

Cir. 2008) ("Bad faith, in trademark law, 'refers to an attempt by a junior user to exploit

the good will and reputation of a senior user with the intent to sow confusion.'"

(quoting 4 J. McCarthy, McCarthy on Trademarks and Unfair Competition, § 23:113,

at 23–357 (4th ed. 2006))); NEC Elecs., Inc. v. New Eng. Circuit Sales, Inc., 722 F.

Supp. 861, 866 (D. Mass. 1989) ("[M]ere knowledge of the existence of a competitor's mark is insufficient to prove bad faith.").  However, even if ArcSoft did not act in bad faith, "the lack of intent on the alleged infringer's part to create confusion is not particularly useful in the ultimate determination of likelihood of confusion and 'may not outweigh other factors that suggest a likelihood of confusion.'"  Dorpan, 728 F.3d at 69 (quoting I.P. Lund Trading ApS v. Kohler Co., 163 F.3d 27, 44 (1st Cir. 1998)); see also Star Fin. Servs., Inc. v. AASTAR Mortg. Corp., 89 F.3d 5, 11 (1st Cir. 1996) ("Evidence of bad intent, however, while potentially probative of likelihood of confusion, is simply not required in a trademark infringement case; moreover, 'a finding of good faith is no answer if likelihood of confusion is otherwise established.'" (quoting President and Trs. of Colby Coll. v. Colby Coll.-N.H, 508 F.2d 804, 811–12 (1st Cir. 1975))).

The eighth and final factor, strength of the plaintiff's mark, is best left to the factfinder in this case.  "[W]e typically evaluate a mark's strength primarily on the basis of its commercial strength, analyzing such factors as 'the length of time a mark has been used and the relative renown in its field; the strength of the mark in plaintiff's field of business; and the plaintiff's action in promoting the mark.'"  Bos. Duck Tours, 531 F.3d at 16 n. 14 (quoting Equine Techs., Inc. v. Equitechnology, Inc., 68 F.3d 542, 547 (1st Cir. 1995)).  ArcSoft argues that SimpliSafe's brand awareness and expenditure is relatively weak as compared to home security system ADT and that other security, home automation, and technology companies incorporate the terms "simply," "simple," or "simpli" into their names.  SimpliSafe claims that the comparisons to ADT and companies that use the terms "simply", "simple," or "simpli"

are inapposite in determining the strength of its mark.[3]  These arguments present

questions for the factfinder, not for summary judgment.  Cf. Dorpan, 728 F.3d at 68.

Given the disputed facts with respect to at least six of the eight Pignons

factors, ArcSoft's motion for summary judgment as to Counts I and II is denied.

### B.        Count III – Cancellation of United States Trademark – Priority

SimpliSafe seeks cancellation of ArcSoft's registered trademark based on

SimpliSafe's earlier use and the likelihood of confusion.  ArcSoft seeks summary

judgment on this count for the same reasons articulated in support of its motion for

summary judgment on the infringement counts.  See Docket # 74, at 6 n.2.  The

motion is denied for the same reasons that led to the ruling on the infringement

counts.

### C.        Count IV – Cancellation of United States Trademark – Fraud

In Count IV, SimpliSafe alleges that "ArcSoft knowingly made a false, material

misrepresentation with intent to deceive the PTO" by misrepresenting the date of

SIMPLICAM's first use in commerce and by submitting "mock-up packaging in

connection with its Statement of Use."  See Docket 69 ¶ 75.  Specifically, SimpliSafe

asserts that "[o]n March 26, 2014, Carol Leung, ArcSoft's in-house counsel

responsible for trademark matters, prepared and filed an SOU" to register the

SIMPLICAM mark that "contained a fraudulent date of first use and an improper

specimen photograph of a mock-up shipping box."  Docket 94, at 1.  The SOU

---

[3]  SimpliSafe also contends that the information regarding other companies using
the terms "simply," "simple," or "simpli" should be stricken because it was not produced
prior to the service of the motion for summary judgment.  Because I deny ArcSoft's
motion for summary judgment on Counts I-III, I need not resolve the issue at this time.

provided January 7, 2014, the first day of the CES and the first day customers could provide their email address to ArcSoft to be contacted when SIMPLICAM became available for purchase, as the date SIMPLICAM was first used in commerce.  Leung included two photographs in the SOU: (1) a photograph of the SIMPLICAM camera; and (2) a photograph of the packaging for the SIMPLICAM camera with the SIMPLICAM mark printed on the box that turned out was a "mock-up."  SimpliSafe claims that SIMPLICAM's actual first "use in commerce" was not January 7, 2014, but that it occurred in August 2014.  SimpliSafe also maintains that Leung made a false representation with respect to the specimen box.

Under 15 U.S.C. § 1064(3), "[a] third party may petition to cancel a registered trademark on the ground that the 'registration was obtained fraudulently.'"  In re Bose Corp., 580 F.3d 1240, 1243 (Fed. Cir. 2009) (quoting 15 U.S.C. § 1064(3)).  "Fraud in procuring a trademark registration or renewal occurs when an applicant knowingly makes false, material representations of fact in connection with his application."  Id. (quoting Torres v. Cantine Torresella S.r.l., 808 F.2d 46, 48 (Fed. Cir. 1986)).  The applicant must have "the intent to deceive the PTO."  Id. at 1245. Fraudulent procurement must "be proven 'to the hilt' with clear and convincing evidence.  There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party."  Id. at 1243 (quoting Smith Int'l, Inc. v. Olin Corp., 209 USPQ 1033, 1044 (T.T.A.B. 1981)).  The Federal Circuit has explained that even gross negligence is insufficient to infer fraud.  Id. at 1244–45.  That is, that the trademark applicant "should have known" a representation was false does not satisfy the scienter requirement.  See id.

11

SimpliSafe contends that a "reckless disregard" standard should apply to fraudulent procurement cases, a question left open in In re Bose.  See id. 1246 n.2 (declining to resolve whether "reckless disregard of [a submission's] truth or falsity satisfies the intent to deceive requirement"); see also MPC Franchise, LLC v. Tarntino, 826 F.3d 653, 660 n.5 (2d Cir. 2016) (same).  I need not reach that question because even if the standard did apply, ArcSoft would not be liable under the circumstances of this case.

As to SimpliSafe's first claim that the activities on January 7, 2014, do not constitute "use in commerce," "[a] mark is deemed 'in use in commerce' when it is affixed to the goods with which it is associated and those goods are then 'sold or transported in commerce.' . . . [S]ales of goods within or from the United States are not necessary to establish trademark ownership; for purposes of the Lanham Act, transportation alone qualifies."  Gen. Healthcare Ltd. v. Qashat, 364 F.3d 332, 335 (1st Cir. 2004) (quoting 15 U.S.C. § 1127).  "However, 'not every transport of a good is sufficient to establish ownership rights in a mark.' . . . In assessing rights stemming from transportation, courts and commentators have required an element of public awareness of the use."  Id. (quoting Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1196 (11th Cir. 2001)); see also Lens.com, Inc. v. 1-800 Contacts, Inc., 686 F.3d 1376, 1380 (Fed. Cir. 2012).  Further, a shipment from a manufacturer to the applicant, even combined with advertisement and subsequent sales, has been held to be insufficient to satisfy the "use in commerce" requirement.  See Avakoff v. S. Pac. Co., 765 F.2d 1097, 1098 (Fed. Cir. 1985).

SimpliSafe argues that the pre-sale shipments of SIMPLICAM and promotional

activities leading up to the CES, an industry trade show not accessible to the general public, "were pre-sale activities and not part of a continuous series of bona fide transactions in the ordinary course of trade."  Docket 94, at 2.  It claims that Leung was reckless by relying on her prior knowledge and on Caroline Tien-Spaulding, ArcSoft's Senior Director of Marketing at the time, rather than conferring with outside counsel or conducting legal research, when preparing the SOU even though she had not previously completed a trademark filing for hardware.

Whether or not SimpliSafe is correct that January 7, 2014, does not constitute SIMPLICAM's first "use in commerce," viewing the facts most favorably to SimpliSafe, Leung's actions and decision to choose that date were not reckless.  Cf. Glob.-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 770 (2011) (explaining, in an induced patent infringement case, that "a reckless defendant is one who merely knows of a substantial and unjustified risk of such wrongdoing, . . . and a negligent defendant is one who should have known of a similar risk but, in fact, did not." (citing ALI, Model Penal Code § 2.02(2)(c)–(d) (1985))); SEC v. Ficken, 546 F.3d 45, 47–48 (1st Cir. 2008) (defining "recklessness" in the securities context as "a highly unreasonable omission, involving not merely simple, or even inexcusable[ ] negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious the actor must have been aware of it" (alteration in original) (quoting SEC v. Fife, 311 F.3d 1, 9–10 (1st Cir. 2002))).  Based on her involvement with SIMPLICAM and her understanding of what constitutes "use in commerce," Leung chose January 7, 2014, as the date of first use.  The facts, as viewed in SimpliSafe's favor, do not suggest

that Leung knew of a risk of any wrongdoing or that a risk of wrongdoing was so obvious such that she must have been aware of it.  Even if the January 7 date legally does not constitute the date of first use in commerce and Leung should have known as much, her inclusion of the date was not reckless under these circumstances.

As to SimpliSafe's claim that Leung submitted a "mock-up" of the SIMPLICAM camera's box, SimpliSafe admits that "Leung satisfied the PTO's specimen requirement by submitting a photograph of the camera with the SIMPLICAM mark" but argues that the "'mock-up' submission was misleading and further supports her reckless disregard in prematurely filing the SOU."  Docket 94, at 14.  Because the "mark-up" submission was unnecessary to the PTO requirement, and because Leung's actions viewed favorably to SimpliSafe do not rise to the level of recklessness[4] — assuming without deciding that this standard applies — SimpliSafe's allegation of fraud fails.

Summary judgment is allowed as to Count IV.

## IV.    Defendant's Motion to Exclude Consumer Survey and Expert Testimony of Robert L. Klein

Also before me is ArcSoft's motion to exclude expert testimony.  See Docket

---

[4]  SimpliSafe admits that when "Leung included the photograph of the packaging box as part of the Statement of Use, she did not know or believe that the packaging box was a mock-up."  See Docket 80 ¶ 207; Docket 95 ¶ 207.  It contends "Leung did not institute any inquiry or process to select the specimens and ensure their accuracy. Instead Ms. Leung relied on her general familiarity with the camera from her casual conversations with office colleagues."  Docket 94, at 14–15.  SimpliSafe also claims that "even a quick look at the box would make one question whether the same was a production version or not."  Id. at 15.  Even if these facts lead to a conclusion that Leung was negligent or grossly negligent, they do not indicate that her behavior was reckless.

# 87.  Because I deny ArcSoft's motion as to Counts I-III without considering this testimony, I need not rule on the admissibility of the testimony at this time.

## V.      Conclusion

The defendant's motion for summary judgment as to Count's I-III (Docket # 73) is DENIED.  The defendant's motion for summary judgment as to Count IV (Docket # 78) is ALLOWED.  In light of these rulings, I reserve on the defendant's motion to exclude the consumer survey and expert testimony of Robert L. Klein (Docket # 87).


_____October 20, 2016_____                    _____/s/Rya W. Zobel_____

DATE                                                              RYA W. ZOBEL
                                                         SENIOR UNITED STATES DISTRICT JUDGE